## Case No. 15,780.

### UNITED STATES v. MINER.

[11 Blatchf. 511;[1] 19 Int. Rev. Rec. 101.]

Circuit Court, S. D. New York. March 11, 1874.

CRIMINAL LAW—FORMER JEOPARDY—POSSESSION OF COUNTERFEIT PLATE.

A defendant was tried on an indictment charging him with the possession of a counterfeit plate, and was acquitted. A second indictment was found against him, charging him with the possession of another counterfeit plate. He pleaded to the latter indictment, that he had been once tried and acquitted of the same act of possession stated therein. From the evidence given on such trial, and which was the evidence to be given on the trial of the second indictment, it appeared, that the act of possession charged was but a single act, and that the first trial necessarily involved a determination of the act of possession charged in the second indictment. The verdict of the jury on the first trial met with the approval of the court, and it advised the district attorney that the defendant ought not to be again put on trial upon the same evidence, and that a nolle prosequi ought to be entered on the second indictment. The district attorney accordingly moved that a nolle prosequi be entered, and the motion was granted.

[This was an indictment against Joshua D. Miner, charging the possession of a counterfeit plate, with unlawful intent.]

Ambrose H. Purdy, Asst. Dist. Atty., and Ketchel & Jelliff, for the United States.

William Fullerton and Charles F. McLean, for defendant.

BENEDICT, District Judge. In this case, the defendant has interposed a plea of former jeopardy. He is, in the present indictment, charged with the possession of a certain $2 counterfeit plate, with an unlawful intent, and the plea avers that he has been once tried and acquitted of the same act of possession stated in this indictment. It is agreed, that the evidence which the district attorney proposes to give on the trial of the present indictment is, in every respect, substantially the same as that given upon the trial of the former indictment, and that it may be referred to upon this issue. This evidence shows the existence of two counterfeit plates, with the possession of one of which the defendant was charged in the former indictment, and as to the possession

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

of the other in this. But, from the evidence, the court can see that the act of possession charged was, as a fact, but a single act, and that the trial of the former case necessarily involved a determination of the act of possession charged in this indictment. The two plates were shown to have been so connected at the time, that the possession of one necessarily involved the possession of the other. Where two counterfeits are engraved upon the same piece of metal, or otherwise so connected as to form, in substance, but a single article, and the charge is that of unlawful possession, it would seem that the possession of both may be made the basis of a single charge, and that separate trials for each engraving should not be permitted. Upon the peculiar facts of this case, the inclination of my mind is, therefore, in favor of the defendant's plea. But, if the law be otherwise, I have no hesitation in advising the district attorney that it is not expedient again to present to a jury the testimony exhibited upon the trial of the former indictment against this man, where the possession of the two plates was also proved. In that case, a very intelligent jury refused, upon the evidence produced, to find that the defendant had the possession of the plates as charged. The conclusion of that jury met with the approval of the court, and it cannot, with propriety, be impugned; and the prisoner should not be again put on trial upon the same evidence. Rex v. Davis, 6 Car. & P. 177. If, therefore, as a matter of law, the defendant's plea be not sustainable, the alternative would be to advise the district attorney to enter a nolle prosequi in the case. In either event, there would be no trial of this indictment.

Upon the delivery of the foregoing opinion, the district attorney moved that a nolle prosequi be entered, and the motion was granted.